JOHN DESROSIERS & others[1] *vs.* ROYAL INSURANCE COMPANY
OF AMERICA.

Suffolk.   April 4, 1984. — September 17, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, & O'CONNOR, JJ.

*Insurance*, Motor vehicle liability insurance, Insurer's obligation to defend,
     Insured, Coverage.

Where the exclusionary language in the portion of an insurance policy pro-
     viding compulsory motor vehicle liability coverage recited that such
     coverage shall not apply "to bodily injury to . . . any employee of the
     insured who is entitled to benefits under the Massachusetts Workers'
     Compensation Act," the word "insured," notwithstanding the presence
     of a severability of interests provision, included both the owner of the
     insured trailer portion of a tractor-trailer unit and the driver of the hired
     tractor who, although not employed by the owner, was an "omnibus
     insured" under the policy, and, consequently, the insurer had no duty
     to defend and indemnify the driver in tort actions by three employees
     of the trailer's owner who, while riding on the trailer, sustained injuries
     as a result of the driver's alleged negligence for which they received
     workmen's compensation benefits. [40-42]
Where the exclusionary language in the portion of an insurance policy pro-
     viding optional motor vehicle liability coverage recited that such coverage
     shall not apply when a trailer covered by the policy is used with a vehicle
     "hired by the insured and not covered by like insurance," the word
     "insured," notwithstanding the presence of a severability of interests
     provision, included both the owner of the trailer and the driver of a
     tractor hired to pull the trailer, who, although not employed by the
     owner, was an "omnibus insured" under the policy. [42-47]

CIVIL ACTION commenced in the Superior Court Department
on September 14, 1981.

The case was heard by *George W. Cashman*, J., sitting
under statutory authority.

The Supreme Judicial Court granted a request for direct
appellate review.

---

[1] Frank Sims, Paul Tirabassi, and Jose DePina, interveners.

*Robert A. Curley, Jr.*, for the defendant.
*Susan C. Mormino* for John Desrosiers.

O'CONNOR, J. This is an appeal from a judgment in the Superior Court declaring that the defendant insurer has a duty to defend and indemnify the plaintiff Desrosiers against liability with respect to certain pending tort actions alleging bodily injuries as a result of Desrosiers' negligent operation of a motor vehicle. We reverse.

The plaintiffs in the underlying tort actions, interveners here, alleged in those actions that they were aboard a motor vehicle that was owned by John M. Condon and was operated negligently by his employee, Desrosiers, with the result that a paving machine being transported by the vehicle shifted and injured them. The motor vehicle referred to in the complaints was a tractor-trailer unit. As alleged in the tort actions, the tractor was owned by Condon and was operated by his employee, Desrosiers. The tractor was insured by Continental Insurance Company and not by the defendant, Royal Insurance Company of America (Royal). The trailer was owned by Essex Bituminous Concrete Corp. (Essex), and was insured by Royal. The tractor was hired by Essex. The plaintiffs in the tort actions were employees of Essex, and they were occupants of the trailer carrying the paving machine that allegedly shifted and injured them. They received workmen's compensation benefits on account of their injuries from the workmen's compensation carrier for Essex.

Several provisions in Royal's policy are relevant to this dispute. One such provision is entitled "Coverage A — Division 1 — Bodily Injury Liability — Statutory — The Commonwealth of Massachusetts — (This Coverage is Compulsory)." The provision states: "The company will pay on behalf of the insured, in accordance with the 'Massachusetts Compulsory Automobile Liability Security Act,' Chapter 346 of the Acts of 1925 of the Commonwealth of Massachusetts and all Acts amendatory thereof or supplementary thereto, all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages to others for bodily injury . . . sustained by any person or persons during

the policy period . . . and caused by the ownership, operation, maintenance, control or use of the insured motor vehicle upon the ways of the Commonwealth of Massachusetts . . . ." The policy also provides with respect to division 1 of coverage A that the company will defend any suit against the insured seeking damages payable under the policy. It is further provided that "[w]ith respect to the insurance under division 1 of coverage A, the unqualified word 'insured' includes the named insured and also includes any other person responsible for the operation of the insured motor vehicle with the express or implied consent of the named insured." Essex is the named insured and Desrosiers is a so called "omnibus" insured under Royal's policy. Desrosiers was an omnibus insured because, as the driver of the tractor-trailer unit, he was responsible for the operation of the insured motor vehicle, the trailer, with the consent of Essex. Royal does not contend otherwise.

Although Royal acknowledges that Desrosiers qualifies as an insured with respect to division 1 of coverage A, it has declined to provide a defense or coverage to Desrosiers thereunder on the ground that exclusion (2) provides that the policy does not apply "under division 1 of coverage A, to bodily injury to . . . any employee of the insured who is entitled to payments or benefits under the provisions of the Massachusetts Workers' Compensation Act." Royal says that by policy definition the word "insured" includes the named insured and anyone operating the insured vehicle with the named insured's consent. Thus, says Royal, the word "insured" in exclusion (2) includes Essex and Desrosiers, and since Sims, Tirabassi, and DePina were employees of Essex entitled to workmen's compensation benefits, the policy does not apply under division 1 of coverage A and Desrosiers is not entitled to coverage.

Desrosiers' answer to Royal's contention is that the policy provides that "[e]xcept with respect to division 2 [which is not involved here] of coverage A, the insurance applies separately to each insured against whom claim is made or suit is brought." Desrosiers says that by virtue of that severability of interests provision it is as though a separate policy were issued to each of the insured parties naming that party as the one and only in-

sured. The word "insured" in exclusion (2), therefore, refers only to the party who qualifies as an insured and is seeking coverage. That would be Desrosiers in this case, and since the injured claimants were not Desrosiers' employees, Desrosiers argues, the exclusion does not apply and division 1 of coverage A does apply.

The complaints in the tort actions against Desrosiers do not mention the trailer owned by Essex or that Essex or any employee of Essex was involved in the incident which resulted in injuries to those plaintiffs. However, the obligation of the insurer to defend is based not only on the facts alleged in the complaints but also on the facts that are known or readily knowable by the insurer. *Terrio* v. *McDonough,* 16 Mass. App. Ct. 163, 167 (1983). Royal provides coverage here under division 1 of coverage A unless exclusion (2) applies. Whether the exclusion applies depends on the definition of the word "insured" in that provision.

There is considerable force in Desrosiers' argument that unless the meaning of the word "insured" in exclusion (2) is limited to the one insured that is seeking coverage, the severability of interests provision is meaningless. Royal does not satisfactorily demonstrate what other purpose that provision would serve. Furthermore, this court and courts in other jurisdictions have interpreted severability of interests provisions in the manner urged by Desrosiers. See *Ratner* v. *Canadian Universal Ins. Co.,* 359 Mass. 375 (1971); *Diamond Int'l Corp.* v. *Allstate Ins. Co.,* 712 F.2d 1498 (1st Cir. 1983); *Shelby Mut. Ins. Co.* v. *Schuitema,* 183 So. 2d 571 (1966) (Fla. Dist. Ct. App.), aff'd per curiam, 193 So. 2d 435 (1967); *Pennsylvania Nat'l Mut. Casualty Ins. Co.* v. *Bierman,* 266 Md. 420 . (1972); *Liberty Mut. Ins. Co.* v. *Iowa Nat'l Mut. Ins. Co.,* 186 Neb. 115 (1970); *Bankers & Shippers Ins. Co.* v. *Watson,* 216 Va. 807 (1976).

Despite the cogency of Desrosiers' arguments, and despite the decided cases that have been brought to our attention, we conclude that the word "insured" in exclusion (2) includes Essex as well as Desrosiers, regardless of which of them is seeking coverage, so that Desrosiers is not entitled under divi-

sion 1 of coverage A to a defense or indemnity with respect to the claims of Sims, Tirabassi, and DePina. None of the cited cases involves Massachusetts compulsory automobile liability insurance and that makes them crucially different from the present case.

The trailer was required to be registered, G. L. c. 90, § 9, and therefore by virtue of G. L. c. 90, § 1A, it was subject to our compulsory motor vehicle liability insurance law, G. L. c. 90, §§ 34A-34O. Division 1 of coverage A was clearly designed to meet the bodily injury liability insurance requirements of that law and to do no more. Optional coverage was provided elsewhere in the policy. The scope of division 1 of coverage A is manifest from the caption, "Coverage A — Division 1 — Bodily Injury Liability — Statutory — The Commonwealth of Massachusetts — (This Coverage is Mandatory)," and from the undertaking of the company to "pay on behalf of the insured, in accordance with [the compulsory motor vehicle liability insurance law] all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages to others for bodily injury."

The trailer was required to be insured by "a policy of liability insurance which provides indemnity for or protection to the insured and any person responsible for the operation of the insured's motor vehicle with his express or implied consent against loss by reason of the liability to pay damages to others for bodily injuries . . . sustained during the term of said policy by any person, *other than a guest occupant of such motor vehicle or of any employee of the owner or registrant of such vehicle or of such other person responsible as aforesaid who is entitled to payments of benefits under the provisions of chapter one hundred and fifty-two*" (emphasis added). G. L. c. 90, § 34A. The compulsory motor vehicle liability insurance law did not require that indemnity or protection be provided to Desrosiers against loss by reason of his liability to pay damages to Sims, Tirabassi, and DePina because they were employees of Essex, which was the owner of the trailer, and they were entitled to the benefits of G. L. c. 152, the Workmen's Compensation Law. We conclude, therefore, that division 1 of cov-

erage A did not provide such indemnity or protection despite the severability of interests provision in the policy.

We are aware that the severability of interests provision by its terms applies to division 1 of coverage A. However, we are unable to see how this can be so, in view of the clear expression of intent that the coverage under division 1 of coverage A should be coextensive with the coverage required by law. If that clear expression of intent renders the severability of interests provision as applied to division 1 of coverage A meaningless, we are satisfied that we must accept that result despite our reluctance to conclude that any policy language is surplusage. We cannot disregard the company's clear description of its undertaking in division 1 of coverage A in order to give effect to a provision of apparently conflicting, but doubtful, meaning.

We turn now to the nonstatutory optional coverage provided by coverage B of Royal's policy. Under coverage B Royal promised to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sustained by any person, caused by accident and arising out of the ownership, maintenance or use . . . of the insured motor vehicle." The policy also provides with respect to coverage B that the company will defend any suit against the insured seeking damages payable under the policy. The unqualified word "insured" as used in coverage B is defined in relevant part as including the named insured and any other person using the motor vehicle with the permission of the named insured.

Royal agrees that Desrosiers qualifies as an insured for purposes of coverage B, but disclaims liability on the basis of three exclusions. Royal contends that Desrosiers is not entitled to the benefits of coverage B because exclusion (7) provides that the policy does not apply "under coverage B, to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured." Royal argues that the word "insured" in exclusion (7) includes Essex as well as Desrosiers, so that Sims, Tirabassi, and DePina, being employees of Essex, were employees of the insured and coverage B

does not apply to their injuries. Desrosiers argues that because of the severability of interests provision, which by its terms applies to coverage B, the word "insured" in exclusion (7) relates only to him as the party seeking coverage. This is the same issue as the one discussed above, except that the coverage sought is optional rather than statutory.

Royal also contends that Desrosiers, as a fellow employee of the injured parties, is excluded from the benefits of coverage B by operation of exclusion (9). The issue raised by that contention is unrelated to the severability of interests provision.

Lastly, Royal argues that due to the applicability of exclusion (11), Desrosiers is not entitled to the benefits of coverage B because the insured trailer was used with a tractor that was hired by Essex and not insured by Royal. Because we agree with Royal's contention with respect to exclusion (11), we do not consider whether Desrosiers is excluded from the benefits of coverage B by exclusions (7) and (9). Also, we do not reach Royal's other arguments concerning notice and the admissibility of evidence.

Exclusion (11) provides that the policy does not apply under coverage B "while the insured motor vehicle is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in [Royal]; or while any trailer covered by this policy is used with any motor vehicle owned or hired by the insured and not covered by like insurance in [Royal]." Once again, the issue is whether the word "insured" in the exclusionary provision includes Essex and Desrosiers, in keeping with the definition of the word "insured" in the policy, or whether it refers only to Desrosiers when Desrosiers seeks coverage and only to Essex when Essex seeks coverage. Desrosiers argues that because of the severability provision it is as though a separate policy were issued to him alone, so that for purposes of exclusion (11) he is the only insured. Since the tractor with which the trailer was being used when the bodily injuries were incurred was not owned or hired by him, Desrosiers argues, the exclusion does not apply and he is entitled to coverage.

The manifest purpose of exclusion (11) is to disavow the undertaking of any risk by Royal in connection with an accident involving the insured trailer while it is being hauled by a tractor that is owned or hired by either Essex or anyone using the trailer with the consent of Essex, as Desrosiers was, unless Royal is compensated therefor by the premiums payable on two policies, one covering the trailer and one covering the tractor. The exclusion expresses Royal's unwillingness to provide coverage on two vehicles for the price of coverage on only one. That intention would virtually be defeated and Royal would receive almost no benefit from the exclusion if we were to interpret the word "insured" as applying only to the party seeking coverage. With that interpretation the exclusion would relieve Royal from an obligation to pay if the insured named in the trailer policy were also the driver of the tractor-trailer unit, but it is otherwise difficult to conceive of a situation in which at least one party who comes within the policy definition of "insured" neither owns nor has hired the attached tractor. The tractor-trailer exclusion was tailored to fit a particular situation. We think that we should not read it out of the policy in order to give meaning to the severability of interests provision, which does not expressly focus on the use of tractors with trailers, and which is unclear as to purpose and application. We are no more comfortable attributing no meaning to that provision with respect to coverage B than we are with respect to coverage A, but we are unaware of a reasonable way to give effect to all of the policy's provisions, and we are content that the severability of interests provision was not intended to extend division 1 of coverage A beyond statutory requirements or to effectively read exclusion (11) out of the policy. Also, it seems likely to us that if the word "insured" in exclusion (2) includes the named insured and all omnibus insured without regard for which of them is seeking coverage, the word "insured" in exclusion (11) was intended to have identical meaning.

We receive little help from cases in other jurisdictions with respect to reconciling a severability of interests clause with the type of tractor-trailer exclusion that is contained in the policy before us. In *Bankers & Shippers Ins. Co.* v. *Watson,*

216 Va. 807 (1976), the Supreme Court of Virginia considered a motor vehicle liability policy with a tractor-trailer exclusion and a severability of interests provision almost identical to the provisions at issue here, and the court concluded, contrary to the result we reach, that the word "insured" in the exclusion referred only to the insured claiming coverage. *Id.* at 815. The basis of that holding was that it was required in order to avoid rendering the severability of interests provision meaningless. The court did not discuss the effect of its decision on the exclusionary provision.

Two years later, the Supreme Court of Virginia decided *Transit Casualty Co.* v. *Hartman's Inc.,* 218 Va. 703 (1978). In that case two tractor-trailer units owned by Hartman's Inc. (Hartman), had collided with each other while they were being operated by Hartman's employees. Transit Casualty Company (Transit) insured Hartman against liability for property damage. Hartman's employees were insured because they were using the units with Hartman's consent. Travelers Insurance Company (Travelers), as collision carrier for Hartman under a separate policy, paid Hartman for the damage to one of the units and then exercised its subrogation rights by suing in Hartman's name the employee of the other unit. Hartman recovered a judgment and then sought to satisfy it out of the liability policy issued by Transit. In its defense, Transit relied on an exclusionary provision which excluded damage to "property owned . . . by the insured . . . or in the care, custody or control of the insured." Hartman, relying on a severability of interests clause, argued that the word "insured" in the exclusion meant only the insured party seeking coverage, to wit, its driver, and the damaged property was not owned by him nor was it in his care, custody, or control. The court rejected Hartman's argument, reasoning that the word "insured" in the exclusionary clause at issue could not have meant only the insured seeking coverage because it was clear that it was not intended that the named insured, Hartman, could recover under its liability policy for damage to its own property. *Id.* at 707-709. The court observed that the construction of the policy urged by Hartman "would produce the strange result that what clearly is only a

policy of liability insurance would be converted into a combination liability and collision policy, with no extra premium required for the additional coverage. Such a result not only would subvert the obvious intention of the parties but also would create a new contract different from what was contemplated when their bargain was struck." *Id.* at 708. We think that the reasoning of the court in *Transit Casualty Co.* v. *Hartman's Inc., supra,* was sound and supports our holding here.

Nothing in *Ratner* v. *Canadian Universal Ins. Co.,* 359 Mass. 375 (1971), requires us to construe the word "insured" in exclusions (2) and (11) as though the policy here were issued separately to Desrosiers describing him alone as the insured. That case did not involve a tractor-trailer exclusion. It did not involve a motor vehicle liability insurance policy. In *Ratner,* the plaintiffs, doing business as Weg Auto Company (Weg), sought damages resulting from the failure of Canadian Universal Insurance Company, Ltd. (Canadian), to defend them in an action brought by an employee of O. Hodgkins Corporation (Hodgkins), to recover for bodily injuries as a result of the employee's being bitten by a dog licensed to Weg. Canadian was the insurer on a comprehensive liability policy that included Hodgkins and Weg as the "insured." The policy excluded coverage for injuries to any employee of the "insured," and it included the following provision: "8. *Severability of Interests.* The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability." We held that "[u]nder that clause the exclusion of coverage for injury to an employee of 'the insured' deprives no one of coverage except with respect to his own employees. . . . Otherwise, the 'severability of interests' clause would be rendered useless." *Id.* at 380-381. Stated in a different way, we held that the word "insured" in the exclusion referred only to the insured seeking coverage, namely Weg. Since the injured person was not Weg's employee, Weg was entitled to a defense.

Royal argues that there is a significant distinction between the severability of interests provisions in *Ratner* and in the present case. We are not persuaded that there is such a distinc-

tion, but there is a significant distinction between the two cases. Our construction of the word "insured" in *Ratner* did no violence to the exclusion involved there or to any other language contained in the policy. It did not result, as a similar construction would here, in rendering meaningless language that was obviously especially tailored to produce a particular result.

We conclude that the judgment entered in the Superior Court should be vacated and a judgment should be entered declaring that the defendant has no duty to defend or indemnify the plaintiff Desrosiers in connection with the tort actions brought in the Superior Court by the plaintiffs Sims, Tirabassi, and DePina.

*So ordered.*