■ THOMAS F. CAMPANILE, JR., Respondent, v STATE FARM GENERAL INSURANCE COMPANY, Appellant.—Mikoll, J. Appeal from an order and judgment of the Supreme Court (Prior, Jr., J.), entered June 16, 1989 in Albany County, which, *inter alia,* granted plaintiff's motion for summary judgment and declared that defendant was required to defend plaintiff in a pending action and to indemnify plaintiff against any judgment arising therefrom.

The issue before us is whether defendant owed a defense to plaintiff, under plaintiff's homeowner's policy, on a cross claim brought by a joint tort-feasor against plaintiff in another action. The cross claim sought indemnity if the joint tort-feasor was found liable to plaintiff's daughter, an insured under the policy, for injuries she suffered as the result of a fall from a swing. The swing was constructed by plaintiff and the joint tort-feasor, who was plaintiff's father.

The action against plaintiff and his father was commenced by plaintiff's wife on behalf of plaintiff's daughter and alleged, *inter alia,* that they jointly and/or severally negligently designed, built and constructed a swing/playground set resulting in a dangerous and defective condition which caused plaintiff's daughter to sustain severe and permanent injuries. Plaintiff's father filed a cross claim against plaintiff alleging that he was entitled to indemnification from plaintiff. Defendant refused to defend or indemnify plaintiff under his insurance policy with defendant on the ground that the policy did not provide coverage either for defense and/or indemnification since the claim was brought against plaintiff by residents of his household that fell within the policy's definition of an insured. Plaintiff's daughter fell within the definition of an insured. Plaintiff then commenced this declaratory judgment action claiming that defendant's denial of coverage as to the cross claim of plaintiff's father was improper and that defendant was required to defend and indemnify plaintiff on the cross claim.

The policy states in pertinent part that:

"4. 'insured' means you and if residents of your household

"a. your relatives

"b. any other person under the age of 21 who is in the care of a person described above."

In addition, section II of the policy pertaining to liability coverage states that under "Coverage L":

"If a claim is made or a suit is brought against an insured for damages because of bodily injury * * * to which this coverage applies, we will:

"1. pay up to our limit for the damages for which the insured is legally liable; and

"2. provide a defense at our expense by counsel of our choice".

Further, the portion of section II pertaining to exclusions states that:

"1. Coverage L * * * do[es] not apply to * * *

"h. bodily injury to you or an insured within the meaning of part a. or b. of the definition of insured."

After defendant answered, plaintiff made a motion for summary judgment. Plaintiff executed an affidavit in support thereof in which he stated that "apparently neither one of us closed the S-hooks holding the swing chains to the frame". Defendant then cross-moved for summary judgment. Supreme

Court denied defendant's cross motion and granted plaintiff's motion for summary judgment, holding that defendant was required to defend and indemnify plaintiff on the cross claim of a joint tort-feasor. This appeal ensued.

Defendant's contention that the exclusions in plaintiff's homeowner's policy relieve it of its obligation to insure plaintiff's derivative liability is contradicted by an analysis of the insurance coverage. Section II of the policy relieves defendant from direct liability for injuries sustained by an insured. It does not follow, however, that every liability of a plaintiff triggered by injuries sustained by an insured are excluded. We are persuaded on authority of *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.* (45 NY2d 551) that there is an obligation to indemnify the insured for cross claims for comparative or equitable apportionment based on the relative culpability of the insured and a joint tort-feasor *(see, Truax v State Farm Ins. Cos.,* 101 Misc 2d 1031, 1035).

We concur with Supreme Court that the exclusion in plaintiff's policy is ambiguous. The insurance policy plainly excludes liability coverage for any injury to any insured person. However, there is no such explicit exclusion of coverage as to cross claims for indemnification. When policy language is ambiguous and susceptible of two reasonable interpretations, the parties may submit extrinsic evidence as an aid in construction, and the resolution of the ambiguity is for the trier of fact *(State of New York v Home Indem. Co.,* 66 NY2d 669, 671). The burden of proof is on the insurer, which must show that its construction of the policy is the only construction that can fairly be placed upon it *(York v Sterling Ins. Co.,* 114 AD2d 665, 666, *affd* 67 NY2d 823). The rule of construction applied to ambiguous terms in insurance contracts strongly favors the insured, particularly when the ambiguity is in an exclusionary clause *(Breed v Insurance Co.,* 46 NY2d 351, 353; *Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 384, *lv denied* 44 NY2d 646).

In this case, Supreme Court was correct in declaring that defendant was required to defend and indemnify plaintiff on the cross claim brought against him by his father. The policy language was ambiguous as applied to the instant circumstances. Defendant's interpretation of the policy language was not the only reasonable construction. Consequently, the ambiguity was properly resolved in plaintiff's favor.

Order and judgment affirmed, with costs. Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

Kane, J. P., concurs in a memorandum. Kane, J. P. (concurring). Constrained by the Court of Appeals reasoning in *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co.* (45 NY2d 551), I concur in the result reached by the majority. In my view, however, the family exclusion in plaintiff's policy is clear and unambiguous and any resort to rules of construction outside its plain and ordinary meaning is therefore unnecessary and improper *(see, Sanabria v American Home Assur. Co.,* 68 NY2d 866, 868; *First Natl. Bank v National Sur. Co.,* 228 NY 469, 472; 69 NY Jur 2d, Insurance, § 695, at 82). The terms of the policy at issue clearly exclude any coverage or defense to plaintiff for the bodily injury which gave rise to the cross claim. However, although it is *premised* on an alleged breach of duty owed by plaintiff to his daughter for which coverage is excluded, the cross claim is recognized in this State as an independent claim, arising from the distributive responsibilities of tort-feasors, and separate and distinct in nature from the claim for bodily injury *(see, Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co., supra).* Accordingly, and in view of defendant's unambiguous failure to exclude coverage for such distributive claims, I agree that the order and judgment granting plaintiff's motion for summary judgment must be affirmed.