260 N.J. Super. 127 (1992)
615 A.2d 644
JOHN KNOBLOCK AND LYNN KNOBLOCK, PLAINTIFFS-APPELLANTS,
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 1, 1992.
Decided October 19, 1992.
*129 Before Judges BRODY, LANDAU and THOMAS.
Greene & Millinger, attorneys for appellants (Irwin Millinger, on the brief).
Robert A. Auerbach, attorney for respondent (Randi S. Greenberg, of counsel and on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
Plaintiffs are the insureds named in a homeowners' policy issued by defendant. As a resident of plaintiffs' household, their infant son Jason is an additional insured under the terms of the policy. Jason was injured while staying at the home of his aunt and uncle, Richard and Barbara Knoblock, when he fell from a minibike that he contends they negligently permitted him to ride. Jason's mother commenced a personal-injury negligence action on his behalf against Richard and Barbara Knoblock, who in turn filed a counterclaim against Jason's mother and filed a third-party action against his father seeking indemnity or contribution.
Plaintiffs commenced this action for a judgment declaring that defendant's policy covered the claims asserted against them in the negligence action. Judge Mannion granted defendant's motion for summary judgment on the ground that the negligence claims asserted against plaintiffs fall within an exclusion in the policy. The relevant coverage and exclusion provisions of the policy respectively are as follows:
If a claim is made or suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will:
a. pay up to our limit of liability for the damages for which the insured is legally liable, and

*130 b. provide a defense at our expense....
* * * * * * * *
Personal Liability: We do not cover bodily injury to you or any insured....
We have sustained the validity of an exclusion in a homeowners' policy for bodily injuries sustained by "any insured" covered by the policy. Foley v. Foley, 173 N.J. Super. 256, 258-260, 414 A.2d 34 (App.Div. 1980). Plaintiffs argue that the language of the exclusion is ambiguous when applied to the present case because it does not expressly apply to claims or suits for indemnity or contribution.
Where the language of an insurance policy is ambiguous or vague it must be given any reasonable interpretation that will provide coverage. Kopp v. Newark Ins. Co., 204 N.J. Super. 415, 420, 499 A.2d 235 (App.Div. 1985). Ambiguities in the language of an exclusion must be construed against the insurer. Boswell v. Travelers Indem. Co., 38 N.J. Super. 599, 606, 120 A.2d 250 (App.Div. 1956). Where there is no genuine ambiguity, however, we may "not engage in a strained construction to support the imposition of liability." Longobardi v. Chubb Ins. Co. of New Jersey, 121 N.J. 530, 537, 582 A.2d 1257 (1990).
We agree with Judge Mannion that there is no ambiguity in the language of the exclusion. The policy plainly does "not cover bodily injury to ... any insured." In a personal injury action, indemnity claims of someone only vicariously liable and contribution claims of a joint tortfeasor are derived solely from the "bodily injury" claim of the injured person. Where that bodily injury is allegedly sustained by "any insured," the exclusion withdraws coverage. Accord California State Auto. Assn Inter-Ins. Bureau v. Bourne, 162 Cal. App.3d 89, 92-93, 208 Cal. Rptr. 131 (Ct.App. 1984) ("Thus, the operative facts which bring an indemnity action within the policy also subject it to the exclusion."); Parker v. State Farm Mut. Auto. Ins. Co., 263 Md. 206, 282 A.2d 503, 508-09 (1971) ("The law generally *131 will not permit by indirection or circuity what it will not allow directly.").
Plaintiffs rely on Campanile v. State Farm Ins. Co., 161 A.D.2d 1052, 558 N.Y.S.2d 203 (App.Div.), aff'd, 78 N.Y.2d 912, 573 N.Y.S.2d 463, 577 N.E.2d 1055 (1991), where the court held that a similarly worded exclusion is ambiguous because it does not expressly exclude cross-claims for indemnity and contribution. The court based its opinion on the holding in Graphic Arts Mut. Ins. Co. v. Bakers Mut. Ins. Co. of N.Y., 45 N.Y.2d 551, 410 N.Y.S.2d 571, 382 N.E.2d 1347 (1978). The presiding justice in Campanile stated in a concurring opinion that the exclusion "is clear and unambiguous and any resort to rules of construction outside its plain and ordinary meaning is therefore unnecessary and improper [citations omitted]. The terms of the policy at issue clearly exclude any coverage or defense to plaintiff for the bodily injury which gave rise to the cross claim." Campanile, 558 N.Y.S.2d at 205 (Kane, P.J., concurring). He joined in the opinion solely because of the holding in Graphic Arts.
The holding in Graphic Arts is based upon New York's law, which differs from ours, respecting third-party claims against an employer in workers' compensation actions. Graphic Arts Mutual Insurance Co. had written an automobile insurance policy for an employer. The policy excluded coverage for bodily injury of any employee of the insured arising out of and in the course of employment by the insured. An employee was injured while a passenger in the employer's truck, driven by a fellow employee, when the truck collided with another motor vehicle. Barred by the workers' compensation law from tort recovery from his employer, the employee brought an action against the owner and against the operator of the other vehicle. Those defendants asserted a third-party claim against the employer for "comparative or equitable apportionment," a judge-made contribution-like remedy against employers available to third parties in New York workers' compensation actions. Dole *132 v. Dow Chemical Co., 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972).
Relying on the exclusion in its policy, Graphic Arts refused to cover the employer for the third-party claim. The New York Court of Appeals held that the employer reasonably expected the exclusion to exclude coverage for employee workers' compensation claims, but not for "Dole-Dow claims." Graphic Arts, supra, 410 N.Y.S.2d at 574, 382 N.E.2d at 1350. The Court was concerned that applying the exclusion to a third-party claim would leave the employer without coverage.[1] Thus the Court held that the exclusion did not apply to third-party "Dole-Dow" claims. The Campanile court expanded the Graphic Arts holding beyond exclusions for workers' compensation injuries by requiring that in order to avoid ambiguity, an exclusion for bodily injury in a homeowners' policy also must expressly exclude cross-claims for indemnity and contribution.
The purpose of excluding coverage for intra-family bodily-injury negligence claims in a homeowners' policy is to exclude from the policy the risk of collusive claims. See Minners v. State Farm Mut. Auto. Ins. Co., 284 Minn. 343, 170 N.W.2d 223, 227 (1969). That rationale applies equally when there are third-party claims for indemnification or contribution based upon the same bodily injury. Where a defendant in a personal-injury negligence action joins a household relative of the injured person as an additional defendant, the exclusion need not expose the relative to indemnity or contribution liability. The injured person may settle with the relative for a nominal sum and recover from the nonrelative tortfeasor only in proportion *133 to his, her or its negligence. See Theobald v. Angelos, 44 N.J. 228, 232, 208 A.2d 129 (1965).
Affirmed.
NOTES
[1] In similar circumstances, New Jersey denies the third party contribution from an employer who, because of the immunity, is not considered a joint tortfeasor. Ramos v. Browning Ferris Indus., 103 N.J. 177, 184, 510 A.2d 1152 (1986). Ramos expressly contrasts our law in this regard with New York's Dole-Dow approach. Id. at 186-87, 510 A.2d 1152.