King, J.
BACKGROUND
Plaintiff Steven Kalus (Mr. Kalus) and defendant Merrimack Mutual Fire Insurance Co. (Merrimack) filed cross motions for summary judgment. Counsel waived their right to a hearing on the motions and submitted the case on the briefs and supporting documents. The undisputed facts as taken from the summary judgment record are as follows.
Plaintiffs wife, Kelly Kalus (Mrs. Kalus), brought suit against Yale Electric Sales Co. (Yale) and Sub Zero Freezer Co. (Sub Zero) alleging negligence, breach of express warranty, breach of implied warranty of merchantability, breach of warranty of fitness for a particular purpose and violations of G.L.c. 93A (Kelly Kalus v. Sub Zero Freezer Co., Inc. et al., Suffolk Superior Court, CV 95-2394). This claim was based on Mrs. Kalus’s injury sustained while she and Mr. Kalus were completing installation of a refrigerator they had purchased from Yale. Sub Zero manufactured the refrigerator.
Both Yale and Sub Zero subsequently filed third-party complaints against Mr. Kalus claiming contribution based on his negligence.
When Mrs. Kalus sustained her injury, Mr. and Mrs. Kalus had a homeowners policy with Merrimack covering their home at 158 Greenleaf Street, Quincy, Massachusetts. Mr. and Mrs. Kalus are both named insureds on the policy. When Mr. Kalus learned that he was named a third-party defendant in Mrs. Kalus’s action, he timely requested that Merrimack defend and indemnify him. Merrimack refused. Mr. Kalus then brought this action seeking declaratory and injunctive relief.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983): Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c); 365 Mass. 824 (1974). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial demonstrates the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its “pleadings and mere assertions of disputed facts ...” LaLonde v. Eissner, 405 Mass. 207, 209 (1989). *293 Establishing the absence of a triable issue requires the nonmoving party to respond by alleging specific facts demonstrating the existence of a genuine issue of material fact. Pederson v. Time, Inc., supra at 17.
This case is suitable for summary judgment as there are no factual disputes, the only dispute being the interpretation of the language in the homeowners policy. See Cody v. Connecticut Gen. Life Ins. Co., 387 Mass. 142, 146 (1982). The interpretation of policy exclusions is a question of law to be determined by the court. Camp Dresser & McKee, Inc. v. Home Ins. Co., 30 Mass.App.Ct. 318, 323 (1991).
There are three clauses in the policy which are applicable to this action.
The first is the personal liability clause which covers paying and defending claims of bodily injury:
caused by an occurrence to which this coverage applies.
Homeowners Policy, Section HE 1, 2 — Liability Coverages, Personal Liability.
The second clause is called the “household-member" exclusion:
Personal Liability, does not apply to: . . . f. bodily injury to you or an insured •within the meaning of part a. or b. of ‘insured’ as defined."
Homeowners Policy, Section II, 2, f — Exclusions, Personal Liability.
The third pertinent clause of the policy is the “severability” clause which states:
[t]his insurance applies separately to each insured. This condition will not increase our limit of liability for any one occurrence.
Homeowners Policy, Section II, 2 — Conditions, Sever-ability of Insurance.
Mr. Kalus asserts two arguments in support of his motion for summary judgment. First, he contends that a claim for contribution is not within the terms of the household member exclusion. Second, he claims that the severability clause and the household member clause read together create an ambiguity and that such an ambiguity must be interpreted in the insured’s favor.
Merrimack, in its motion for summary judgment, argues that a claim for contribution is no different, for purposes of this case, than a direct claim for bodily injuiy. Merrimack also argues that the household member exclusion is not ambiguous in light of the severability clause and that it should be given its intended effect.
1. Contribution Claim Within Exclusion
The third-party contribution claim against Mr. Kalus alleges that Mr. Kalus’s negligence was either partly or completely responsible for Mrs. Kalus’s injuries. Mr. Kalus argues that the “household member” exclusion excludes only those claims brought directly by the injured insured, here Mrs. Kalus, and not the third-party contribution claims of Yale and Sub Zero.
The court has found no Massachusetts appellate court decision on the issue whether the household member exclusion includes contribution claims based on a household member’s negligence. This issue, however, has been addressed by appellate courts in other jurisdictions which, in general, have held that the exclusion applies to contribution claims. See Knoblock v. Prudential Property and Cas. Ins. Co., 615 A.2d 644, 646 (N.J. Super. 1992); Groff v. State Farm Fire & Cas. Ins. Co., 646 F.Supp. 973 (E.D. Pa. 1986); Parker v. State Farm Mut. Auto Ins. Co., 282 A.2d 503, 508-09 (Md. 1971) (“The law generally will not permit by indirection or circuity what it will not allow directly”). The Knoblock court stated:
The policy plainly does not cover bodily injury to ... ‘any insured.’ In a personal injury action, indemnity claims and contribution claims of a joint tortfeasor are derived solely from the ‘bodily injury’ claim of the injured person. Where that bodily injury is allegedly sustained by ‘any insured,’ the exclusion withdraws coverage.
Knoblock, 615 A.2d at 646.[1]
The only Massachusetts Superior Court case found which deals with this issue held that the household member exclusion applies to a contribution claim. Horace Mann Insurance Co. v. Doe, Middlesex County Super. Ct., No. 93-4197, 2 Mass. L. Rptr. 148 (1994).
The household member exclusion is intended to preclude coverage for bodily injury to an insured. See Hahn v. Berkshire Mutual Ins. Co., 28 Mass.App.Ct. 181, 183 (1989). To exempt contribution claims from the household member exclusion clause as argued by Kalus is not consistent with the clear objective of the household member exclusion clause to bar coverage arising out of a personal injury to an insured. For this reason, the court rules that the household member exclusion clause bars coverage of the contribution claim against Mr. Kalus because the clear and unambiguous language of the policy excludes coverage for claims arising out of personal injuries to the insureds.
2. Household Member Exclusion & Severability Clause
Massachusetts courts have not ruled on the applicability of the household member exclusion clause in conjunction with a severability clause. Massachusetts courts have decided cases concerning other exclusions in conjunction with a severability clause. See Worcester Mutual Insurance Co. v. Marnell et al., 398 Mass. 240 (1986) (motor vehicle exclusion); Lumberman’s Mutual Casualty Co. v. Hanover Insurance Co., 38 Mass App. Ct. 53 (1995) (employee exclusion); Desrosiers v. Royal Ins. Co., 393 Mass. 37 (1984) (motor vehicle exclusion).
Mr. Kalus argues that the severability clause vitiates the household member exclusion clause in these *294 circumstances. This argument relies on the Marnell decision. In Marnell, Mr. and Mrs. Marnell were sued for negligent supervision after their son Michael left a party at their house while intoxicated and Michael’s vehicle struck a vehicle killing another. Id. at 241. The Marnells had a homeowners policy with a motor vehicle exclusion providing that “coverages do not apply to bodily injury . . . arising out of the ownership, maintenance, use ... of a motor vehicle owned or operated by or rented or loaned to any insured . . .” Id. at 242. The son was an unnamed insured under the Marnell policy. Additionally, there was a severability clause in the Marnell’s policy almost identical to the one in the Kalus’ policy. Id. at 242. The Marnell court held that the “[severability] clause requires that each insured be treated as having a separate insurance policy. Thus, the term ‘insured’ as used in the motor vehicle exclusion refers only to the person claiming coverage under the policy.” Id. at 244. Since Mr. and Mrs Marnell were not the operator of the vehicle involved in the accident, the severability clause of the policy was interpreted as providing them with coverage for claims arising out of the accident. Id. In Marnell, the court stressed that its construction of the policy gave reasonable meaning to both the automobile exclusion clause and the sever-ability clause:
Under our construction of the policy, the motor vehicle exclusion prevents the homeowners policy from providing additional insurance, without a premium, to an insured when a motor vehicle owned or operated by that person is involved in an accident causing bodily injuries or properly damage. At the same time, the purpose of the severability clause is served because coverage is extended to insureds who neither owned or operated the motor vehicle involved in the accident.
Id. at 245.
The Marnell decision is not dispositive of the factual situation presented by the case before the court. The court’s decision in Marnell gave a reasonable interpretation to both the automobile exclusion clause and the severability clause. The interpretation of the household member exclusion clause and severabiliiy clause urged by Kalus, on the other hand, would nullify the household member exclusion clause because the exclusion would only apply in the situation where an insured was suing himself for bodily injury sustained by that insured based on his own negligence. The Missouri Court of Appeals rejected a similar interpretation because the exclusion was never intended to apply to the absurd situation where an insured was suing himself. Shelter Mutual Ins. Co. v. Haller, 793 S.W.2d 391, 394 (Mo.App. 1990). See also Allstate Ins. Co. v. Mangum, 383 S.E.2d 464, 466 (S.C.App. 1989) (severability of interests not applicable to policy exclusions which exclude coverage for “bodily injury” to insured).
In Desrosiers v. Royal Insurance Co. of America, supra., the court dealt with a narrowly tailored exclusion for bodily injury to any employee of the insured and an allegedly conflicting severability clause which, if applied literally, would render the narrowly tailored exclusion meaningless. The court held that, despite its “reluctance to conclude that any policy language is surplusage," it was compelled to conclude that the severability clause was surplusage where it rendered meaningless the narrowly tailored exclusion for personal injury to employees of the insured. Id. at 42.
The rationale in Desrosiers applies with equal force to the facts of this case involving a narrowly tailored household member exclusion clause which would be rendered meaningless by an apparently conflicting severability clause. For this reason, the court concludes that the severability clause does not obligate Merrimack to defend or indemnify Mr. Kalus.
ORDER
For the foregoing reasons, plaintiffs motion for summary judgment is DENIED; Merrimack’s motion for summary judgment is ALLOWED.
The following declaratory judgment shall enter:
Merrimack Mutual Fire Insurance Co. has no duly to defend and no duty to indemnify Steven Kalus for any claims asserted against him by third-party defendants Yale Electric Sales Co. and Sub Zero Freezer Co., Inc.

 The Knoblock court distinguished Campanile v. State Farm Ins. Co., 161 A.2d 1052, aff'd 577 N.E.2d 1055 (N.Y. 1991), the one case relied upon by plaintiff to support his argument that contribution claims are not excluded by a household member exclusion, by noting that the outcome in Campanile turned on a unique feature of New York common law.