Betty Jane FOURNIER, As Administrator of the Estate of Brian Keith Webber, Deceased, and Betty Jane Fournier, In Her Own Right As Mother of Brian Keith Webber, Deceased, Appellants,

v.

ILLINOIS CASUALTY COMPANY, Appellee.

No. 85–1448.

Supreme Court of Iowa.

July 23, 1986.

Rehearing Denied Aug. 29, 1986.

C.A. Frerichs, Waterloo, for appellants.

Thomas A. Finley and Lorraine J. May, Des Moines, for appellee.

Considered by McGIVERIN, P.J., and SCHULTZ, CARTER, WOLLE, and LAVORATO, JJ.

CARTER, Justice.

Plaintiff, Betty Jane Fournier, as administrator of a decedent's estate and individually brought the present action against the defendant Illinois Casualty Company to recover amounts allegedly required to be paid under a policy of liability insurance for indemnification of a judgment debtor of plaintiff. The judgment debtor is a liquor licensee insured by the defendant for liability arising under the provisions of the Iowa dram-shop statute, Iowa Code § 123.92 (1981). The district court granted summary judgment in favor of the defendant on the primary ground that plaintiff's claim both as administrator and in her individual capacity is barred under the doctrine of claim preclusion. For reasons which we will discuss, we affirm the judgment of the district court.

Plaintiff, as administrator of the estate of her deceased son and individually previously brought an action in the Iowa District Court for Black Hawk County against the local chapter of the Fraternal Order of Eagles seeking to recover under the provi-

sions of Iowa Code section 123.92 for damages recoverable under that statute from a licensed purveyor of alcoholic beverages. She successfully established in that action that her minor son, Brian, had been struck and killed by a driver who had become intoxicated by means of alcoholic beverages obtained from the Fraternal Order of Eagles. A judgment was rendered in favor of the plaintiff as administrator of her deceased son's estate in the sum of $87,-644.22 and in favor of the plaintiff individually as mother of her deceased son in the amount of $100,000.

The defendant, who is the liability insurer of the Fraternal Order of Eagles on the claims in question, tendered the sum of $50,000 to the clerk of the district court contending that this payment fully satisfied its obligations to indemnify the judgment debtor for its insured liability. In declaratory judgment litigation subsequently brought by the insured judgment debtor, in which plaintiff intervened in her capacity as administrator, we made certain determinations with respect to claims made by the judgment debtor and judgment creditors for payment of additional amounts by defendant under its dram-shop insurance policy. That decision is contained in *Fraternal Order of Eagles v. Illinois Casualty Co.*, 364 N.W.2d 218 (Iowa 1985).

In granting summary judgment in the present action, the district court concluded that the claims now being made are merely an effort to relitigate on a different theory the same claims that were rejected in the prior litigation. Whether that contention is correct is the issue we must decide on this appeal.

I. *Scope of the Claim Determined in the Prior Litigation.*

In the prior litigation against the defendant involving the limits of its policy, the insured, as judgment debtor, and the plaintiff, administrator, as a judgment creditor, urged that defendant's obligations had not been fully discharged by the tender of $50,-000, which represented the bodily injury limit of the policy for injury to one person. Both judgment debtor and judgment credi-

tor urged in that litigation that plaintiff, Betty Jane Fournier, in the dram-shop action, had received two separate and distinguishable recoveries for "injury in person": one in her capacity as representative of her deceased son's estate and a second in her capacity as mother of the decedent. It was urged that these were recoveries by two separate persons each of which was based on "injury in person."

Based upon this theory, the judgment debtor and judgment creditor asked the court to construe defendant's policy as requiring further payment on defendant's part in addition to the sum which had already been tendered. In our decision in the prior litigation, 364 N.W.2d at 222, we rejected these contentions stating that "[n]o further recovery can be had on the policy under the theory that Betty as an individual parent was 'injured in person.'" After so concluding, we further stated:

> We do not decide whether any claim on her part as a parent under Iowa R.Civ.P. 8 based on Iowa Code section 123.92 for injury to property or to means of support would be compensable under other provisions of the policy because such issues are not raised in this case.

*Id.* at 222. In the present case, the contention advanced is that the defendant, Illinois Casualty Company, is required to make further indemnification of its insured for the judgments in the dram-shop action by reason of the policy coverages relating to injuries sustained as "property damage."

We have recognized that declaratory judgment actions can give rise to claim preclusion in much the same manner as other types of litigation but only with respect to the same claim or cause of action. In *Westway Trading Corp. v. River Terminal Corp.*, 314 N.W.2d 398, 401 (Iowa 1982), we stated:

> Res judicata, in the sense of claim preclusion, applies only if the cause of action in the [prior] litigation was the same as the present action. A cause of action is the same when the asserted invasion of rights is the same. A plaintiff is not entitled to a second day in court simply

by alleging a new ground of recovery for the same wrong. In order to determine whether the cause of action is the same, we examine the protected right, the alleged wrong, and the relevant evidence. Support for the foregoing view is found in Restatement (Second) Judgments § 33 (1980), which states:

A valid and final judgment in an action brought to declare rights or other legal relations of the parties is conclusive in a subsequent action between them as to the matters declared, and, in accordance with the rules of issue preclusion as to any issues actually litigated by them and determined in the action.

In the REPORTER'S NOTE accompanying this section, it is observed that

The problem of deciding the scope of a prior determination is one frequently encountered in other contexts.... [T]he same techniques used elsewhere can be applied to declaratory judgments, and, as noted, a declaratory judgment will often be more revealing in this regard than other judgments.

*Id.* at 340. The Restatement's suggested test for determination of the dimensions of a claim is as follows.

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger and bar, ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) *What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit,* and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) Judgments § 24 (1982) (emphasis added).

■ We conclude that, in the application of the foregoing principles to declaratory judgment litigation, the extent of the claim which has previously been litigated must be determined pragmatically so as to include all rights which are reasonably related to the objective sought to be obtained by the declaratory judgment litigation. *See, e.g., Kaspar Wire Works, Inc. v. Leco Engineering & Machine, Inc.,* 575 F.2d 530, 536–37 (5th Cir.1978); *Howe v. Nelson,* 271 Minn. 296, 301, 135 N.W.2d 687, 692 (1965). We have recognized that, in seeking a declaration of rights under a written instrument, a party is not always required to litigate the full scope of all affected rights and obligations in a single proceeding. In *Westway,* 314 N.W.2d at 401, we determined that, where different disputes under a lease matured at different times, separate claims may be brought. Similarly, in *In re Ditz's Estate,* 255 Iowa 1272, 1283–84, 125 N.W.2d 814, 821 (1964), we determined that the result of an action for a declaratory judgment seeking to attack a will for creating an illegal trust did not give rise to claim preclusion with respect to a subsequent claim involving testamentary capacity.

■ Notwithstanding that in a proper case separate actions for declaratory judgment may be brought for the determination of rights and obligations under a single contract, we do not believe that this is such a case. Under a pragmatic view of claim preclusion, the scope of the claim adjudicated in the prior litigation was whether or not the defendant had any additional responsibility under its liability insurance policy with the Fraternal Order of Eagles for the payment of the judgments against its insured in the Black Hawk County dramshop litigation. It was declared in the prior litigation that the claim made by the judgment debtor and the judgment creditor that additional sums were payable under defendant's policy was not sustainable under the interpretation of the policy which they urged in that action. The present litigation seeks to relitigate the same issue, *i.e.,* the extent of defendant's obligation to indemni-

fy the Fraternal Order of Eagles against plaintiff's judgments. We conclude that this second effort may not be countenanced under recognized principles of claim preclusion.

II. *Effect of Prior Judgment on a Party Who Appears in a Different Capacity in Subsequent Litigation.*

Under the conclusions reached in the prior division of this opinion, the district court correctly determined that those persons or entities who were parties to the prior litigation against defendant, Illinois Casualty Company, are now precluded from making further claims on the subject of policy coverages. As a result, Betty, in her capacity as administrator, may not pursue the present claims against defendant. There remains for consideration, however, whether Betty, in her individual capacity, is similarly precluded.

 Although Betty was a party to the prior litigation only in her capacity as administrator of her deceased son's estate, we conclude that claim preclusion also bars her right to litigate the present claims in her individual capacity.

As stated in Restatement (Second) Judgments § 36 (1982),

(1) A party appears in his individual capacity unless, in his designation as a party or by other manifestation, it is made evident that he appears in some other capacity.

(2) *A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.*

(Emphasis added.) The foregoing rule deals only with the effects of difference in capacity as such. It does not alter those rules which otherwise subject nonparties to the consequences of res judicata. Comment c of section 36 of the Restatement states:

The rule of this Section deals with the effects of difference in capacity as such. Rules in addition to those that differenti-

ate a person's multiple capacities may result in a judgment's having effects with respect to a person who appears in litigation in different capacities.... See Illustrations 6 and 7.

Illustration 7 referred to in the foregoing comment states as follows:

A, on behalf of his child B, brings an action for injuries to B in which his claim includes amounts he expended for B's medical care. An adverse judgment precludes A from suing in his own capacity to recover the medical expenditures.

In the prior litigation involving defendant's policy limits, Betty, as administrator, sought to litigate the scope of defendant's obligation to indemnify its insured against both her judgment as executor and her judgment in her individual capacity. Sufficient identity of interest exists between Betty's claims under the policy in dual capacities to support the district court's finding of claim preclusion. For the reasons stated, that court was correct in sustaining the defendant's motion for summary judgment. Its judgment is affirmed.

AFFIRMED.