**HILLVIEW ASSOCIATES, d/b/a Gracious Estates Mobile Home Park, Appellee,**

v.

**Paul D. PALMER, Appellant.**

No. 89–943.

Supreme Court of Iowa.

June 20, 1990.

Rehearing Denied July 20, 1990.

Richard M. LaJeunesse of Dreher, Wilson, Simpson, Jensen, Sellers, Butters, Adams & Kaiser, P.C., Des Moines, for appellant.

Hillview Associates, Costa Mesa, Cal., pro se.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, SNELL and ANDREASEN, JJ.

SCHULTZ, Justice.

A forcible entry and detainer action, commenced by landlord Hillview Associates, d/b/a Gracious Estates Mobile Home Park, against its mobile home tenant Paul D. Palmer, was tried in the small claims division of district court on September 16, 1988. The small claims court found Palmer to be delinquent in his rent payment on his month-to-month lease; the lease had been properly terminated, and the landlord was entitled to possession of its premises. Palmer appealed the judgment entered. The appeal was heard by a different district judge pursuant to Iowa Code section 631.13(4)(a) (1987). The trial court ruling was affirmed, and Palmer now seeks relief from this court.

We first address whether we should provide discretionary review of the trial court ruling. A forcible entry and detainer action commenced as a small claim is defined as a small claim. *See* Iowa Code § 631.1 (1987). Palmer has been provided one appeal of the small claims court ruling; a second appeal to this court may be taken only by a grant of discretionary review. Iowa Code § 631.16(1) (1987).

Palmer attempts to specify certain rulings of the district court, made while sitting in an appellate capacity, which are

immune from the discretionary provision of section 631.16. He claims that the district court committed error in refusing to grant his motion for a rehearing once it became apparent that the tape recording of the small claims hearing was lost, and he could not provide a transcript. Palmer asserts that he has an appeal as a matter of right from this ruling under Iowa Code sections 686.2, 686.5 (1987) and Iowa Rule of Appellate Procedure 1(a). We do not agree.

Section 631.16 specifically provides that "[a] civil action originally tried as a small claim shall not be appealed to the supreme court unless by discretionary review as provided herein." Section 631.16 specifically limits appeals originally tried as small claims to discretionary review, while the sections and rules cited by Palmer generally provide for a right of appeal or review. Where there is a conflict or ambiguity between specific and general statutes, the provisions of the specific statutes control. *Goergen v. State Tax Comm'n,* 165 N.W.2d 782, 787 (Iowa 1969); *see also* Iowa Code § 4.7 (1987). We conclude that Palmer does not have an appeal of right from the rulings of the district court.

Palmer also suggests that we review this matter by certiorari. *See* Iowa R. App.P. 303 and 304. We decline the suggestion.

Certiorari is available to test the legality of the district court's action. *Callenius v. Blair,* 309 N.W.2d 415, 419 (Iowa 1981). Section 631.13(4)(a) provides that the deciding judge on appeal may order that additional evidence be presented on one or more issues if, in the judge's opinion, the record is inadequate for the purpose of rendering a judgment. The record indicates that Palmer's counsel prepared a brief and argument and supplied exhibits and affidavits concerning the trial court proceedings. The district court apparently found the record was adequate. Findings of fact are generally not reviewable on certiorari. *Callenius,* 309 N.W.2d at 419. Additionally, the trial judge's minutes of testimony and exhibits generally constitute the record. Permission to electronically record a hearing is within the discretion of the court. Iowa Code § 631.11(3) (1987). Here there is no showing that the trial court ordered a recording. Under these circumstances we conclude that the district court did not act illegally in failing to ask for additional evidence or in ruling that "the record substantially supports the ruling of [the trial judge]."

Under this record we refuse to grant further review of the rulings on this small claims action. Palmer appeared pro se at the small claims hearing. Most of the points of law raised on appeal do not appear to have been presented at the original hearing. "The hearing shall be to the court, shall be simple and informal, and shall be conducted ... without regard to technicalities of procedure." Iowa Code § 631.11(1) (1987). "The judge shall decide the appeal without regard to technicalities or defects which have not prejudiced the substantial rights of the parties...." § 631.13(4)(a). Our review of the record indicates that this has been done and that further review is not justified. Accordingly, we dismiss the appeal.

APPEAL DISMISSED.