**Paul D. PALMER, Appellee,**

v.

**TANDEM MANAGEMENT SERVICES, INC., A California Corporation; Hillview Associates, A California General Partnership; William E. Cavanaugh, Individually and as General Partner of Hillview Associates; and Norman I. Tatch, Individually and as a General Partner of Hillview Associates, Appellants.**

No. 92–209.

Supreme Court of Iowa.

Sept. 22, 1993.

Rehearing Denied Nov. 23, 1993.

Richard M. LaJeunesse of Dreher, Simpson, Jensen, Sellers, Harvey, Butters, Kaiser & Abels, Des Moines, for appellee.

William E. Cavanaugh and Norman I. Tatch, pro se.

SNELL, Justice.

This case stems from a landlord/tenant dispute beginning in May 1987 involving mobile home park property. The issue of forcible entry and detainer was tried in the small claims division of the Iowa district court on September 16, 1988. The district court judge held the landlord, Hillview Associates, was entitled to possession of the premises, the lease having been properly terminated for nonpayment of rent. On appeal to a different district judge, pursuant to Iowa Code section 631.13(4)(a), the trial court's ruling was affirmed. Iowa Code § 631.-13(4)(a) (1987). Discretionary review was sought from this court by the tenant Palmer. Iowa Code § 631.16. We held there was no right of appeal from the rulings of the district court and review by certiorari was not justified. The appeal was dismissed. *Hillview Associates v. Palmer*, 456 N.W.2d 909 (Iowa 1990).

During this same period, plaintiff, Paul D. Palmer, commenced lawsuits raising the same and corollary disputes as in the prior litigation. The district court entered judgment in favor of Palmer. The court of appeals resolved these issues adverse to Palmer. We granted Palmer's application for further review. Our review is de novo.

■ I. The tenant Palmer argues that there is an irreconcilable conflict between section 648.19 and section 562B.32(2) of our Code. Iowa Code section 648.19 of chapter 648 on forcible entry and detention of real property provides:

An action of this kind shall not be brought in connection with any other action, with the exception of a claim for rent or recovery as provided in sections 562A.24, 562A.32, 562B.22, or 562B.25, nor shall it be made the subject of counterclaim.

Chapter 562B governs residential mobile home parks. Section 562B.32(2) provides:

2. If the landlord acts in violation of subsection 1 of this section, the tenant is entitled to the remedies provided in section 562B.24 and has a defense in an action for possession. In an action by or against the tenant, evidence of a complaint within six months prior to the alleged act of retaliation creates a presumption that the landlord's conduct was in retaliation. The presumption does not arise if the tenant made the complaint after notice of termination of the rental agreement. For the purpose of this subsection, "presumption" means that the trier of fact must find the existence of the fact presumed unless and until evidence is introduced which would support a finding of its nonexistence.

We note section 562B.32(2) gives tenants specific remedies if proof is made that a landlord's forcible entry and detainer action is threatened or brought in response to a tenant's complaints. Iowa Code § 562B.32(2). Those remedies are set out in section 562B.24. *Id.* § 562B.24. Subsection 3 of section 562B.32 nevertheless preserves a landlord's right to collect unpaid rent and to bring an action for possession when rent is in default. At the same time, the landlord's action to obtain rent and possession of the premises does not release the landlord from liability under section 562B.22(2) for noncompliance with the rental agreement or a failure to maintain fit premises. Iowa Code § 562B.16. This "ebb and flow" of landlord and tenant rights was obviously intended by the legislature to strike a balance in the law affecting mobile home residential parks. Iowa Code ch. 562B.

The legislature passed chapter 562B in 1978. 1978 Iowa Acts ch. 1173. Section 648.19 dates from the Code of 1851 and was enacted along with legislation applying generally to forcible entry and detainer actions affecting all real property. Iowa Code § 2373 (1851). The original act provided that forcible entry and detainer actions could not be brought with any other action except for the collection of rent nor could it be made the subject of a counterclaim. These restrictions were made in order to provide a speedy remedy in possession of real property actions free of the diverting and time-consuming litigating of unrelated lawsuits. *See Votruba v. Hanke*, 202 Iowa 658, 210 N.W. 753 (1926). When chapter 562A on residential landlord and tenant law and chapter 562B on mobile home parks residential landlord and tenant law were passed, section 648.19 was amended

to reference these additions to the statutory law. 1986 Iowa Acts ch. 1130. The exception in section 648.19 for rent recovery specifically incorporates the statutory rights provided by sections 562A.24, 562A.32, 562B.22, 562B.25 and 562B.27. Iowa Code § 648.19. Section 562A.24 provides a defense to the tenant for the landlord's noncompliance with the rental agreement in an action for possession. *Id.* § 562A.24. Section 562A.32 gives the landlord a remedy of rent, possession, actual damages for breach of the rental agreement and reasonable attorney's fees. *Id.* § 562A.32. Section 562B.22 provides tenant remedies for noncompliance by the landlord. *Id.* § 562B.22. Section 562B.25 provides a landlord remedies for noncompliance by the tenant. *Id.* § 562B.25. Failure to pay rent is specifically stated as a ground for recovery of possession. *Id.* § 562B.25(3)–(4).

Section 562B.27 provides remedies for landlords when mobile homes are abandoned by tenants. *Id.* § 562B.27. We believe the legislature intended a linkage between sections 648.19 and chapters 562A and 562B so that the statutory law is compatible.

Section 562B.32(2) provides a tenant with a defense to an action by the landlord for possession when the landlord willfully diminishes services as outlined in section 562B.24. *Id.* §§ 562B.24, .32(2). Thus, the statutory framework contemplates a resolution of these claims and counterclaims by a landlord and a tenant in the same action. The legislature recognized a limited exception to the general prohibition of other actions in section 648.19, so that landlord/tenant disputes involving the same subject matter may be settled at one time. *Id.* § 648.19. Left unaffected is the prohibition against other actions in section 648.19 that would be unrelated to a forcible entry and detainer (FED) case and the recovery of rent. We hold that sections 648.19 and 562B.32 are compatible and reconciled in this context.

II. In the forcible entry and detainer action brought by Hillview in 1988 in small claims court, Palmer counterclaimed. He claimed a failure by Hillview to maintain a fit premises in violation of section 562B.16, a willful diminution of services in violation of section 562B.24 and that the landlord's FED action was retaliatory conduct under section 562B.32. The court noted Palmer's complaints about barking dogs, loud music, and a diminution of services, specifically finding these unjustified and arbitrary reasons for reducing the tendered rent. The court then held Hillview was entitled to possession of the premises and ordered Palmer to vacate within thirty days. On appeal from the small claims court decision, the district court affirmed. We dismissed the appeal. *Hillview Associates*, 456 N.W.2d at 909.

█ Hillview asserts the present action is a repeat of the 1988 case. In *Tigges v. City of Ames*, we examined the principles of claim preclusion. 356 N.W.2d 503, 508 (Iowa 1984). We stated the final judgment rendered in favor of a party bars another action by the other party on the same claim. We approved the concept as stated in *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279, 286 (Iowa 1976). There we said:

> Claim preclusion under the doctrine of res judicata is based on the principle that a party may not split or try his claim piecemeal, but must put in issue and try his entire claim or put forth his entire defense in the case on trial. An adjudication in a former suit between the same parties on the same claim is final as to all matters which could have been presented to the court for determination. A party must litigate all matters growing out of his claim at one time and not in separate actions.

(Citations omitted.)

Again in *Lowery Investments v. Stephens Industries, Inc.*, 395 N.W.2d 850 (Iowa 1986), we applied the doctrine of claim preclusion. We said:

> Application of the foregoing standards to the present dispute convinces us that the validity of the vendor corporation's action in forfeiting the interest of the vendee corporation under the contract was necessarily resolved adversely to the vendee corporation in the forcible entry action. The allegations of the petition in the forcible entry action make it clear that the vendor corporation's asserted right of possession was dependent upon the validity of

the forfeiture under Iowa Code chapter 656. Accordingly, the present claim is barred by a traditional application of the claim preclusion doctrine without regard to the issue of contractual estoppel arising from the stipulation entered into in the forcible entry litigation.

*Id.* at 853.

In *Tigges,* we held the City of Ames was obliged to raise all of its different theories of recovery based on the same transaction or suffer the consequences of claim preclusion. When it did not, its later claim based on a different theory of recovery was properly dismissed. *See also Selchert v. State,* 420 N.W.2d 816, 818 (Iowa 1988); *Bagley v. Hughes A. Bagley, Inc.,* 465 N.W.2d 551 (Iowa App.1990); *Donahue v. American Farmers Mut. Casualty Co.,* 380 N.W.2d 437 (Iowa App.1985). We applied this principle in barring further litigation in *Riley v. Maloney,* 499 N.W.2d 18 (Iowa 1993).

The parties in the small claims action and in the case at bar are the same or are similarly situated. The named individuals and other named parties are all owners or agents of Hillview Associates. Palmer's counterclaim of retaliatory eviction in the small claims court is the same as brought in the present action. The small claims court rejected this claim. We hold the doctrine of claim preclusion bars further litigation of this claim. The district court should have granted Hillview's motion to dismiss. Because of the unique statutory framework applying to forcible entry and detainer actions, the issue preclusion analysis in *Village Supply Co. v. Iowa Fund, Inc.,* 312 N.W.2d 551 (Iowa 1981), does not apply. Here, the claim of retaliatory eviction was fully considered by the small claims court and reviewed on appeal to the district court.

III. In the case at bar, Palmer also claimed damages based on abuse of process. Palmer alleged Hillview used the FED case to intimidate him and as retaliation for his complaints and prior small claims actions. *See also Hillview Assocs. v. Bloomquist,* 440 N.W.2d 867 (Iowa 1989) (defense of retaliatory eviction claimed by tenants in FED action). On submission to a jury, a judgment of $5000 compensatory and $10,000 punitive

damages was awarded. Hillview appeals both awards.

Abuse of process is the use of legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed. *Wilson v. Hayes,* 464 N.W.2d 250, 266 (Iowa 1990). The essence of this tort is an improper purpose for using the legal process. *Id.* The improper purpose is ordinarily an attempt to secure from another some collateral advantage not properly includable in the process itself and is a form of extortion in which a lawfully used process is perverted to an unlawful use. *Schmidt v. Wilkinson,* 340 N.W.2d 282, 284–85 (Iowa 1983). An abuse of process can occur even though there is probable cause to bring the action and the original action terminates in favor of the plaintiff. *Wilson,* 464 N.W.2d at 266.

The elements of abuse of process are (1) the use of a legal process, and (2) its use in an improper or unauthorized manner. *Lindaman v. Bode,* 478 N.W.2d 312, 314–15 (Iowa App.1991). A third element requires that the plaintiff suffer damages as a result of the abuse. *Wilson,* 464 N.W.2d at 266.

Regarding the second element, the plaintiff must prove the defendant used the legal process primarily for an impermissible or illegal motive. *Id.* A very restrictive view is taken of this element. *Id.* at 267. Abuse of process will not lie for a civil action that inconveniences a defendant or for one filed in expectation of settlement. *Id.* Additionally, there is no abuse of process when the action is filed to intimidate and embarrass a defendant knowing there is no entitlement to recover the full amount of damages sought. Proof of an improper motive by the person filing the lawsuit for even a malicious purpose does not satisfy this element. *Grell v. Poulsen,* 389 N.W.2d 661, 664 (Iowa 1986).

Because the claim of retaliatory eviction was already decided adversely to Palmer, we conclude as a matter of law he could not base his abuse-of-process action on an allegation of retaliatory eviction as an improper purpose. Palmer brought his claim of retaliatory eviction in the small claims action

and it was decided against him. Palmer's claim of abuse of process is based on the same set of facts and again raises the allegations of retaliatory eviction. We determine Palmer has no basis to now raise the retaliatory eviction claim as a basis for the abuse-of-process claim.

We agree with the court of appeals that the issue of abuse of process should not have been submitted to the jury because Palmer failed to show the second element of an abuse-of-process claim as a matter of law. The district court should have granted Hillview's motion for judgment notwithstanding the verdict on the claim of abuse of process.

IV. The judgment based on retaliatory eviction is reversed. The judgment for abuse of process is reversed. A jury award based on a claim for abuse of access was not appealed and remains. We remand to the district court for entry of judgments in accordance with this decision.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED; CASE REMANDED.**

All Justices concur except TERNUS, J., who takes no part.