**Verdell A. JOHNSON, Appellee,**

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant,**

**Iowa Lakes Electric Cooperative, Intervenor.**

No. 94–308.

Supreme Court of Iowa.

May 24, 1995.

James A. Pugh of Morain, Burlingame, Pugh & Koop, West Des Moines, for appellant.

Richard A. Cook of Herrick, Ary, Cook, Cook, Cook & Cook, Cherokee, for appellee.

Gregory R. Brown of Duncan, Green, Brown, Langeness & Eckley, Des Moines, for intervenor.

Considered by McGIVERIN, C.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

ANDREASEN, Justice.

An insured sued its liability insurer alleging breach of contract for refusal to defend or indemnify the insured in a prior liability suit and alleging first-party bad faith refusal to cover the claim. The insurer answered and counterclaimed, asserting the insured committed "reverse bad faith" and abuse of process by filing the first-party bad faith claim. The major issue in this appeal is whether we should recognize a tort of reverse bad faith when an insured brings a frivolous bad faith claim against its insurer. We affirm the district court's grant of summary judgment for the insurer on the breach of contract claim and the directed verdict for the insured on the reverse bad faith and abuse of process counterclaim.

## I. *Background.*

Plaintiff Verdell Johnson and his wife, Marian, brought an action against Iowa Lakes Electric Cooperative after Marian was seriously injured by a downed electrical line owned by Iowa Lakes. The downed line was on the Johnsons' farm; and Iowa Lakes filed a cross-claim against Verdell, claiming he was negligent in whole or in part for any and all injuries Marian suffered. Verdell notified his liability insurer, defendant Farm Bureau Mutual Insurance Company, of the cross-claim. Farm Bureau refused coverage because it asserted Marian's injury fell within an exclusion to the liability coverage in the insurance contract.

The jury in Marian's personal injury suit returned a $690,513.53 verdict in favor of the Johnsons. The jury apportioned eighty percent fault to Iowa Lakes and twenty percent fault to Verdell. Iowa Lakes paid the full amount of the judgment and petitioned for and was awarded judgment for contribution against Verdell for his twenty percent liability.

Verdell then filed an action against Farm Bureau alleging it breached the insurance contract by failing to defend or indemnify him in the cross-claim and contribution action brought by Iowa Lakes. He also alleged bad faith denial of his claim. Farm Bureau counterclaimed, asserting that Verdell's allegation of bad faith amounted to reverse bad faith and abuse of process.

The district court granted the insurer's motion for summary judgment on the breach of contract claim. Trial commenced on the counterclaim. Without ruling on the viability of a tort of reverse bad faith, the court directed a verdict against the insurer on its counterclaims of reverse bad faith and abuse of process. The court found Verdell's conduct did not rise to the level of bad faith. One-hundred and nine days after entry of the summary judgment ruling, Farm Bureau filed a motion for Iowa Rule of Civil Procedure 80(a) sanctions against Verdell's attorney, alleging the allegation of bad faith was not well grounded in fact and not warranted under existing law. The court denied the motion because it "was not filed expeditiously and without undue delay." Farm Bureau sought writ of certiorari to review the court's ruling on sanctions, but we denied the writ. Farm Bureau now appeals the directed verdict on the reverse bad faith and abuse of process counterclaim; and Verdell cross-appeals the summary judgment on the breach of contract and first-party bad faith issues.

## II. *Scope of Review.*

█ A party moving for summary judgment has the burden of establishing the absence of any genuine issue of material fact

and that it is entitled to judgment as a matter of law. Iowa R.Civ.P. 237(c); *Hoffnagle v. McDonald's Corp.*, 522 N.W.2d 808, 811 (Iowa 1994). In reviewing both the summary judgment and the directed verdict, we review the evidence in the light most favorable to the resisting party. *Hoffnagle*, 522 N.W.2d at 811; *Cincinnati Ins. Co. v. Evans*, 493 N.W.2d 798, 801 (Iowa 1992).

### III. *Breach of Contract.*

Because our resolution of Verdell's cross-appeal on the breach of contract claim is relevant to our discussion of reverse bad faith and abuse of process, we will discuss it first. Verdell is insured by Farm Bureau under a Country Squire IV policy. The personal liability portion of the policy provides:

> *We* cover:
>
> If a claim is made or a suit is brought against any *insured* for damages because of *bodily injury* or *property damage* caused by an *occurrence* to which this coverage applies, *we* will:
>
> a. pay up to *our* limit of liability for the damages for which the *insured* is legally liable; and
>
> b. provide a defense at *our* expense by counsel of our choice, even if the suit is groundless, false or fraudulent....

The policy also excludes coverage for:

> [B]odily injury to *you* or *any insured* within the meaning of part a. or b. of the definition of *insured.*

The definitions of "you" and "insured" provide:

> *You* or *your* means the named insured or named insureds shown on the Declarations. If the named insured is a *person* or *persons* it includes the spouse of any such *person* if living in his or her household.
>
> ....
>
> *Insured* means *you* and the following residents of *your* household:
>
> a. Your relatives;
>
> ....

Farm Bureau denied coverage because it determined the injury to Marian fell under the exclusion for "bodily injury to you or any insured." Verdell argues that his reasonable expectations of coverage should be honored and that the exclusion does not apply in this case.

### A. Reasonable Expectations.

The construction and interpretation of insurance policies is a question of law for the court. *Essex Ins. Co. v. Fieldhouse, Inc.*, 506 N.W.2d 772, 775 (Iowa 1993). The cardinal principle in construing insurance policies is "that the intent of the parties must control; and except in cases of ambiguity this is determined by what the policy itself says." *Id.* (citation omitted). Insurance policies are construed in the light most favorable to the insured, and exclusions are construed strictly against the insurer. *Ferguson v. Allied Mut. Ins. Co.*, 512 N.W.2d 296, 299 (Iowa 1994).

Under the reasonable expectations doctrine, "the objectively reasonable expectations of applicants and intended beneficiaries regarding insurance policies will be honored even though painstaking study of the policy provisions would have negated those expectations." *Clark–Peterson Co. v. Independent Ins. Assocs., Ltd.*, 492 N.W.2d 675, 677 (Iowa 1992). The doctrine is carefully circumscribed and does not contemplate the expansion of coverage on a general equitable basis. *Id.* It can only be invoked when an exclusion "(1) is bizarre or oppressive, (2) eviscerates terms explicitly agreed to, or (3) eliminates the dominant purpose of the transaction." *Id.* (citation omitted). A preliminary criterion must be satisfied before we apply the doctrine. The policy must either be such that an ordinary layperson would misunderstand its coverage, or there must be circumstances attributable to the insurer which would foster coverage expectations. *Id.*

Verdell asserts that both prerequisites to application of the doctrine are present; we disagree. He claims that the policy is ambiguous. The language of the policy clearly excludes coverage when liability arises from bodily injury to an insured. There is no ambiguity, and a layperson reading the policy would not misunderstand coverage. *Cf. Rodman v. State Farm Mut. Auto. Ins. Co.*, 208 N.W.2d 903, 907 (Iowa 1973).

■ Verdell also asserts he never received notice of the policy change which added the exclusion. He claims that because Farm Bureau provided his insurance coverage for many years and was aware of the nature of the Johnsons' farming operation, it should have brought the exclusion to his specific attention. Verdell's policy with Farm Bureau lapsed twice after the exclusion was adopted. Each time the policy was reinstated, and he received a new policy containing the exclusion. We cannot find any circumstances attributable to the insurer which would foster coverage expectations.

B. Application of the Exclusion.

■ Verdell contends that because the claim against him was brought by Iowa Lakes rather than by Marian, the exclusion does not apply. He also asserts that because the Iowa Lakes' claim is for contribution, it is not a claim for bodily injury, making the exclusion inapplicable. Neither argument is persuasive. Verdell's liability to Iowa Lakes stems from his liability to Marian for her bodily injury. Marian is also an insured under the policy. The policy specifically excludes coverage for an insured's liability for bodily injury to any insured. *See, e.g., Knoblock v. Prudential Property & Casualty Ins. Co.*, 260 N.J.Super. 127, 130–32, 615 A.2d 644, 646 (App.Div.1992).

We have reviewed all of Verdell's arguments as to why summary judgment on his breach of contract claim was inappropriate and reject them all. The court's grant of summary judgment in favor of Farm Bureau was proper. Also, Verdell continues to assert his first-party bad faith claim. Because denial of his coverage claim was appropriate, his claim for bad faith denial of coverage must also fail.

IV. *Reverse Bad Faith.*

■ In its appeal, Farm Bureau argues that we should recognize a cause of action for "reverse bad faith" in favor of insurance companies when an insured brings a frivolous bad faith claim against the insurer. Farm Bureau emphasizes it does not dispute the insured's right to file a contract claim for coverage, but it objects to the "linking of a frivolous tort claim to the contract claim in an attempt to gain unfair advantage" in the contract claim.

Farm Bureau asserts that its denial of coverage was clearly "fairly debatable." It contends the district court's summary judgment ruling against Verdell on his breach of contract claim establishes this as a matter of law. It also claims Verdell failed to make a close study of the policy before bringing the bad faith claim and that he could not point to any particular provision in the policy that he relied on in determining Farm Bureau was being unreasonable. Farm Bureau therefore contends that Verdell's allegation of bad faith denial of coverage was made in bad faith.

■ Insurance contracts contain an implied covenant of good faith that "neither party will do anything to injure the rights of the other in receiving the benefits of the agreement." *Kooyman v. Farm Bureau Mut. Ins. Co.*, 315 N.W.2d 30, 33 (Iowa 1982). We have permitted claims against insurance companies for breach of the implied covenant of good faith. First, we recognized the tort of bad faith in so-called third-party situations where an insurer's bad faith refusal to settle a third-party's claim against the insured within the policy limits exposes the insured to monetary liability exceeding policy limits. *Id.* at 33–34. Later, we adopted the first-party bad faith tort. *Dolan v. Aid Ins. Co.*, 431 N.W.2d 790, 791 (Iowa 1988). First-party bad faith claims involve an insured's attempt to recover for his or her own losses allegedly covered under the insurance policy.

The test for first-party bad faith is that the insured must show "the absence of a reasonable basis for denying the claim." *Dolan*, 431 N.W.2d at 794. When coverage is "reasonably debatable" the insurer has the right to have its rights adjudicated without being subject to tort claims. *Clark–Peterson Co. v. Independent Ins. Assocs.*, 514 N.W.2d 912, 914 (Iowa 1994). Farm Bureau contends that the mutual obligation of good faith, together with its right to dispute coverage when it is fairly debatable, favors adopting the tort of reverse bad faith. It also asserts that recognition of the tort of first-party bad faith has given an unfair advantage to in-

sureds, creating the need for a reverse bad faith cause of action. Verdell argues it is not necessary to recognize a reverse bad faith cause of action because rule 80(a) sanctions and abuse of process provide adequate alternate remedies for frivolously filed first-party bad faith suits.

Some commentators have begun to discuss possible adoption of a reverse bad faith cause of action. *See* Douglas R. Richmond, *An Overview of Insurance Bad Faith Law and Litigation*, 25 Seton Hall L.Rev. 74 (1994); Douglas R. Richmond, *Insured's Bad Faith as Shield or Sword: Litigation Relief for Insurers?*, 77 Marq.L.Rev. 41 (1993); William S. Anderson, *Placing a Check on an Insured's Bad Faith Conduct: The Defense of "Comparative Bad Faith,"* 35 S.Tex. L.Rev. 485 (1994); Patrick E. Shipstead & Scott S. Thomas, *Comparative and Reverse Bad Faith: Insured's Breach of Implied Covenant of Good Faith and Fair Dealing as Affirmative Defense or Counterclaim*, 23 Tort & Ins.L.J. 215 (1987); John F. Dobbyn, *Is Good Faith in Insurance Contracts a Two–Way Street?*, 62 N.D.L.Rev. 355 (1986). However, we are aware of no jurisdiction that has adopted the tort of reverse bad faith. In the only published opinion we could find squarely addressing the issue, the Supreme Court of Ohio rejected the tort. *Tokles & Son, Inc. v. Midwestern Indem. Co.*, 65 Ohio St.3d 621, 632–34, 605 N.E.2d 936, 945 (1992). California permits the defense of comparative bad faith to bad faith claims. *California Casualty Gen. Ins. v. Superior Court*, 173 Cal.App.3d 274, 283–84, 218 Cal. Rptr. 817, 822–23 (4 Dist.1985). The California case, however, is distinguishable from this case; nor do we find it persuasive support for adoption of an independent cause of action for reverse bad faith.

We decline to adopt a tort of reverse bad faith. Farm Bureau argues that insurers should have a remedy other than abuse of process because abuse of process requires an element of a wrongful or illegal primary purpose. It asserts insurers should not be limited to such a narrow remedy. A motion for rule 80(a) sanctions, however, does not require a wrongful motive to remedy the filing of a frivolous claim. We believe sanctions

under Iowa Rule of Civil Procedure 80(a) provide an adequate remedy to insurance companies when an insured files a frivolous bad faith claim.

Rule 80(a) provides an attorney's signature on every motion, pleading, or other paper, is a certification that the attorney

> has read the motion, pleading, or other paper; that to the best of Counsel's knowledge, information, and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or cause an unnecessary delay or needless increase in the cost of litigation.

Iowa R.Civ.P. 80(a). Violation of the rule subjects the signer and the represented party to sanctions:

> If a motion, pleading, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee.

*Id.*

Farm Bureau seems to suggest rule 80(a) sanctions are insufficient because they are not awarded with enough regularity. We note, however, that we have upheld rule 80(a) sanctions, together with substantial damages, where a frivolous medical malpractice case was filed. *Fields v. Iowa Dist. Court*, 468 N.W.2d 38, 40 (Iowa 1991). *Fields* indicates that courts are willing to impose sanctions when confronted with an appropriate case.

Because we do not recognize a separate cause of action for reverse bad faith, the directed verdict against Farm Bureau on this counterclaim was appropriate.

V. *Abuse of Process.*

■■■■ Our scope of review of the abuse of process claim is limited to correction of

errors at law. *Wilson v. Hayes,* 464 N.W.2d 250, 258 (Iowa 1990). Abuse of process is the use of legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it was not designed. *Palmer v. Tandem Management Servs.,* 505 N.W.2d 813, 817 (Iowa 1993). The elements of abuse of process are (1) the use of legal process, and (2) its use in an improper or unauthorized manner. *Id.* The party claiming abuse of process must also suffer damages. *Id.*

▮ The second element is difficult to establish. Farm Bureau must prove Verdell used the legal process *primarily* for an impermissible purpose or illegal motive. *Wilson,* 464 N.W.2d at 266. We have taken a very restrictive view of this element in the interest of ready access to the courts. *Id.* at 267. "A prerequisite for recovery is evidence that the person committed some act in the use of process that was not proper in the regular prosecution of the proceeding." *Grell v. Poulsen,* 389 N.W.2d 661, 664 (Iowa 1986). Proof of an improper motive or even malicious intent in the filing of a lawsuit does not satisfy the second element. *Palmer,* 505 N.W.2d at 817. An abuse of process defendant "is not liable if he [or she] has done no more than carry the process to its authorized conclusion, even with bad intentions." *Wilson,* 464 N.W.2d at 267 (citation omitted). Farm Bureau's assertion that the bad faith claim was added to gain leverage for a settlement in the breach of contract claim does not advance its claim for abuse of process. Settlement is included in the "goals of proper process," even though the suit is frivolous. *Id.*

The district court properly directed verdict against Farm Bureau on its abuse of process claim.

For the foregoing reasons, we affirm.

**AFFIRMED ON BOTH APPEALS.**