# IN THE COURT OF APPEALS OF IOWA

No. 20-0973
Filed July 21, 2021

**TAMAIYSHA TURNER,**
        Petitioner-Appellant,

**vs.**

**CCRC OF CEDAR RAPIDS, LLC, d/b/a TERRACE GLEN VILLAGE, LLC, and UNITED WISCONSIN INSURANCE COMPANY,**
        Respondents-Appellees.
_____

        Appeal from the Iowa District Court for Linn County, Christopher Bruns, Judge.


        Tamaiysha Turner appeals the denial of her application for order for rule to show cause. **APPEAL DISMISSED.**


        Dennis Currell of Currell Law Firm, Cedar Rapids, for appellant.

        Laura Ostrander, Lansing, Michigan, for appellees.


        Considered by Bower, C.J., and Tabor and Ahlers, JJ.

**AHLERS, Judge.**

Tamaiysha Turner filed a claim for workers' compensation benefits against CCRC of Cedar Rapids, LLC, d/b/a Terrace Glen Village, LLC, and its insurer, United Wisconsin Insurance Co. (collectively, CCRC). As part of that proceeding, Turner sought to use Iowa Rule of Civil Procedure 1.707(5) to conduct a deposition and require CCRC to designate an appropriate person to be deposed.[1] Turner issued a notice of deposition accordingly that included a request for production of documents. Turner also caused a subpoena to be issued from the workers' compensation commissioner directed to CCRC to which was attached the notice of deposition and its included document-production request. No one affiliated with CCRC showed up for the scheduled deposition.

In response to CCRC's failure to attend the deposition, Turner did not seek relief under Iowa Rule of Civil Procedure 1.517.[2] Instead, Turner filed this district court action seeking to hold CCRC in contempt for disregarding the subpoena.

---

[1] Iowa Rule of Civil Procedure 1.707(5) states:

> A notice or subpoena may name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the witness will testify. A subpoena shall advise a nonparty organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This rule does not preclude taking a deposition by any other procedure authorized in the rules in this chapter.

[2] Rule 1.517 addresses and sets forth procedures related to failure to comply with discovery requests, including failures to designate a person to be deposed pursuant to rule 1.707(5). Rule 1.517 includes provisions for obtaining orders compelling discovery and the process for seeking sanctions for failure to comply with orders compelling discovery.

On March 23, 2020, the district court issued an order stating it "denies [Turner's] request for a contempt finding against the employer/insurer." In reaching this conclusion, the district court observed that it was not convinced there was a basis for a finding of contempt, as the case appeared to be a discovery dispute over which the parties had not "made any sort of good faith effort" to resolve before seeking court intervention.[3] The court's order then urged the parties "to work together in a good faith effort to resolve the disputes between them." The order closed with the direction that, if no further request for court action to resolve disputes was filed by May 1, the matter would be dismissed without prejudice.

On April 1, Turner filed a "Motion to Reconsider, Enlarge and Amend Order." On April 24, the court denied Turner's motion, adding several procedural reasons for denying Turner's application, and dismissed the district court action at Turner's cost. On April 28, Turner filed a second "Motion to Reconsider, Enlarge and Amend Order." On June 23, the district court denied Turner's second motion, finding it was prohibited by rule 1.904(4).[4] On July 22, Turner filed her notice of appeal.[5]

---

[3] Iowa Rule of Civil Procedure 1.517(5) requires a party filing a motion "relating to depositions, discovery, or discovery sanctions" to allege that the moving party has "in good faith personally spoken with or attempted to speak with other affected parties in an effort to resolve the dispute without court action" and to "identify the date and time of any conference or attempts to confer."

[4] Although Iowa Rule of Civil Procedure 1.904(2) permits motions seeking to reconsider, enlarge, or amend a ruling, rule 1.904(4) states: "Successive rule 1.904(2) motions by a party are prohibited unless the court has modified its order, ruling, judgment, or decree and the subsequent rule 1.904(2) motion is directed only at the modification."

[5] Turner began this appellate proceeding by filing a "Petition for Writ of Certiorari." Our supreme court determined Turner had an appeal of right from the dismissal of her application, and the court treated her filing as a notice of appeal under Iowa Rule of Appellate Procedure 6.108. *See Den Hartog v. City of Waterloo*, 891

CCRC argues Turner's appeal is untimely. Iowa Rule of Appellate Procedure 6.101(1) sets the time deadlines for an appeal:

> b. [*Cases other than certain appeals under chapter 232*]. A notice of appeal must be filed within 30 days after the filing of the final order or judgment. However, if a motion is timely filed under [rule] 1.904(2) . . . the notice of appeal must be filed within 30 days after the filing of the ruling on such motion.
>
> c. *Timely filing of motion defined*. For purposes of [subpart b] above, a motion is considered timely if it has been filed by the applicable deadline and asks the court to reconsider, enlarge, or amend its order, ruling, judgment, or decree. Whether a motion is proper or not does not affect its timeliness. Provided, however, that a motion will not be considered timely if the same party has previously filed a motion to reconsider, enlarge, or amend the court's order, ruling, judgment, or decree, unless the court has modified its order, ruling, judgment, or decree and the subsequent motion is directed only at the modification.

More than thirty days elapsed between the district court's April 24 ruling on Turner's first "Motion to Reconsider, Enlarge and Amend Order" and the July 22 notice of appeal. This creates a timeliness problem for Turner. Turner tries to avoid this problem by arguing that, despite the caption on the motion, her first "Motion to Reconsider, Enlarge and Amend Order" was not a rule 1.904(2) motion. Instead, she claims, it was a mere "supplemental status report." In support of this argument, Turner notes the court's initial order allowed the parties to make additional filings through May 1 before it would dismiss the action. Turner asserts she was following the court's direction for additional filings by filing a report to update the court on the parties' progress on resolving their discovery disputes.

N.W.2d 430, 435 (Iowa 2017) (reviewing by appeal the dismissal of an application seeking a contempt finding); *Hillview Assocs. v. Palmer*, 456 N.W.2d 909, 910 (Iowa 1990) (discussing review by appeal and certiorari).

The caption on a filing does not determine its legal significance, and we look to the filing's "content to determine its real nature." *Iowa Elec. Light & Power Co. v. Lagle*, 430 N.W.2d 393, 395 (Iowa 1988). Our review of Turner's first "Motion to Reconsider, Enlarge and Amend Order" shows it is almost entirely devoted to facts and arguments existing at the time the contempt application that started this district court action was filed. The only new information was about a March 30 conference between the parties and ensuing memorializing letters, in which the parties continued their same disagreements. Beyond the language of this motion, Turner never tried to clarify before the district court that this motion was a mere "status report." Further, the motion ends with Turner asking for "reconsideration, enlargement and amendment" of the court's order. As the plain language of Turner's first "Motion to Reconsider, Enlarge and Amend Order" argued for the court to reconsider its initial order, this motion is a rule 1.904(2) motion to reconsider despite the references to a subsequent conference between the parties.

Having found Turner's first "Motion to Reconsider, Enlarge and Amend Order" was a rule 1.904(2) motion, Turner's second "Motion to Reconsider, Enlarge and Amend" did not extend the time to appeal unless the court modified its initial order "and the subsequent motion is directed only at the modification." Iowa R. App. P. 6.101(1)(c). The court's order ruling on Turner's first motion modified its initial order to find Turner failed to satisfy several procedural requirements before seeking a contempt ruling. However, Turner's second rule 1.904(2) motion is not "directed only at the modification." Rather than specifically addressing findings in the first rule 1.904(2) order, this second motion asks the

court to modify its order to reflect numerous additional facts and concludes by stating: "All previous requests for reconsideration, enlargement and amendment are reasserted herein and incorporated herein by reference without waiving same." As Turner's second rule 1.904(2) motion is not directed solely at modifications in the first rule 1.904(2) order, this second motion is not timely and thus did not extend the deadline for filing notice of appeal. *Id.* As a result, Turner's notice of appeal was filed beyond the thirty-day period to file an appeal as measured from the court's order ruling on the first rule 1.904(2) motion and should be dismissed on that basis.

Even if we were to find Turner's appeal timely, the district court is entitled to considerable deference when it declines to find a party in contempt. *See In re Marriage of Swan*, 526 N.W.2d 320, 327 (Iowa 1995) (reviewing a decision to not hold a party in contempt and finding "the trial court here had broad discretion and 'unless this discretion is grossly abused, the [trial court's] decision must stand'" (alteration in original) (quoting *State v. Lipcamon*, 483 N.W.2d 605, 607 (Iowa 1992)). The court denied Turner's application in its initial order, finding the parties needed to engage "in a good faith effort" before requesting a finding of contempt. Turner asserts the court's initial order overlooked her fruitless attempts to schedule a corporate deposition of CCRC. Even assuming the court missed the exact form of discovery Turner sought, the court's underlying observation that the parties needed to work in good faith to resolve their differences remains valid. In fact, it may have been required.

Turner could engage in discovery in her workers' compensation proceeding, and that discovery is governed by the Iowa Rules of Civil Procedure. *See* Iowa

Code § 17A.13(1) (2019) ("Discovery procedures applicable to civil actions are available to all parties in contested cases before an agency."). Although filed as a contempt action over failure to attend a deposition, the dispute here is, at its core, a discovery dispute. *See* Iowa R. Civ. P. 1.501(1) (listing depositions as a form of discovery). When a dispute arose, the rules required Turner to make a good faith effort to resolve the dispute before seeking court intervention and certify the details of that good faith effort in her filing seeking such intervention. *See* Iowa R. Civ. P. 1.517(5). If the good faith effort failed, an order compelling discovery could then be issued. *See* Iowa R. Civ. P. 1.517(1)(b). If that order was ignored, then the court could impose sanctions, which could include contempt. Iowa R. Civ. P. 1.517(2), (2)(b)(4). We express no opinion on whether the court had authority to hold CCRC in contempt without Turner first following the steps of the Iowa Rules of Civil Procedure governing discovery sanctions. However, had those steps been followed, contempt would have been an option. The fact Turner did not follow the available procedure for seeking discovery sanctions was a valid consideration by the district court in refusing to hold CCRC in contempt, even if Turner was not required to seek discovery sanctions before filing for contempt. As a result, even if Turner's appeal were properly before us, we would find no abuse of discretion in the court's refusal to hold CCRC in contempt.

**APPEAL DISMISSED.**